**40**

Cornelia GIBSON and Alvantus F. Gibson,
Appellants,

v.

CITY OF PINEVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 27, 1968.

Daniel J. Tribell, Middlesboro, for appellants.

Grant F. Knuckles, James S. Wilson, Pineville, for appellee.

C. WARREN EATON, Special Commissioner.

The City of Pineville is a city of the fourth class and as such maintains a volunteer fire department, having elected to do so under the provisions of KRS 81.160. In the early part of 1965 and for sometime prior thereto the bridge across the Cumberland River which divides the main part of the City from the Wallsend section was in the process of being razed and repaired by the state and was closed to vehicular traffic. The closest vehicular route then existing from the city hall to the Wallsend section over another bridge crossing was a distance of about eight miles.

Over a month before the fire in question the City placed a fire truck in the Wallsend section and housed it in a shed and supplied it with gas heat. No firemen of course were stationed at the shed but at regular intervals policemen came to the shed to start and run the motor of the fire truck. A key to the shed had been left with a Mr. and Mrs. Edgar Hitson whose back porch was apparently very near to the shed housing the truck.

On January 6, 1965, a fire of undisclosed origin completely destroyed a frame house owned by the appellants Cornelia Gibson and her son Alvantus Gibson in the Wallsend section.

It is not shown in the evidence if an alarm was ever called in but the evidence does disclose that Mrs. Hitson from her home noticed smoke coming from the house, called to her husband in the basement, got the key to the shed, went out onto her back porch and at that time some men broke the lock and went into the shed to start the truck. She said that the fire siren first sounded two or three minutes later. Mr. Hitson coming from the basement saw the smoke in the house and immediately went to the fire "in a rush" to see if he could help get some things out of the burning house. He took a shortcut from his house to the burning house which was a distance of about 225 feet. Immediately before reaching the burning building "there was something like an explosion" and smoke and flames gushed out of the windows and "the center of the roof". Ac-

cording to Mr. Hitson the interior of the house had by then been consumed by fire and he realized there was nothing that he could do.

In the meantime the truck would not start and some persons (not shown to be members of the volunteer fire department) pushed it to the scene of the fire, connected the hose to hydrants and prevented the fire from spreading to nearby houses. Mr. Hitson estimated that it was twenty to twenty-five minutes from the time he left his house until the fire truck arrived. It was later discovered that the truck motor failed to start because there was a hole in the gas tank which had permitted the gasoline to leak out of the tank.

The appellants sued the City of Pineville to recover for the damages caused by fire to their house basing their cause of action upon the negligent failure of the City to maintain its firefighting equipment in proper condition. Upon completion of the evidence for the appellants the motion of the City for a peremptory instruction was sustained and a judgment entered dismissing the complaint and awarding the City its costs. It is from this judgment that the appellants have prosecuted their case.

The three grounds relied on by appellee in its motion for a directed verdict, which the lower court apparently approved in sustaining said motion, were: (1) under the facts in this case the City of Pineville is not liable in damages as a matter of law for failing to maintain an adequate fire department; (2) there was insufficient proof of notice of the fire in time to have extinguished the fire before substantial damage was done to it; and (3) there was inadequate proof of damages.

Looking first at the second and third grounds relied on by the appellee and the lower court for the directed verdict, we believe that on the basis of the evidence presented by the appellants that a directed verdict was proper. The witness Mr. Hitson testified that upon being called by his wife he rushed directly from his house to the Gibson house a distance of a half a block or of about 225 feet by using a shortcut through an alley. He estimated it took him "a minute and a half or a couple of minutes" to do so. Using the streets he estimated that the truck would have traveled 550 feet to the fire. He also testified that the shed housing the fire truck "was still closed when I ran down the alley". Mrs. Hitson testified that after she got the key to the shed and went to the back porch the doors to the shed were open and two men were there one of whom she identified as Willard Perkins, but neither of whom were identified as members of the fire department. She testified the fire siren sounded two or three minutes after this. There was no evidence that the fire department was notified of the fire before the siren sounded. Mr. Hitson gave this testimony as to events just before he reached the fire:

"Q. 22 What was it you said you saw just before you got there, did you say you saw smoke gush out?

A. Out the windows, smoke and flames the center of the roof.

Q. 23 The interior was consumed by fire at the time you got there?

A. Yes sir, there was something like an explosion out the windows."

There was no testimony by any witness to the effect that had the fire truck reached the fire within a reasonable time after notice of the fire was received, any part of the house could have been salvaged. Nor was there any proof as to what part of the loss could have been attributed to the fire prior to the time the fire truck should have reached it and the part which might have been attributed to the failure of the firemen to properly respond to the fire.

It is evident from the testimony that had the fire truck been in operating condition, it could not have reached the appellants'

building in time to have saved it from destruction by fire. It follows that the evidence was not sufficient to show that the defective truck was the proximate cause of appellants' loss or destruction of their building.

The city also contends that it would not be liable even if there was a sufficiency of evidence to show that the defective truck was the proximate cause of the loss. It is unnecessary for us to consider and we do not pass upon that contention because of our holding that the evidence was not sufficient.

The judgment is affirmed.

All concur.